UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------
                                              :
GRANVILLE COLLINS,          :         CASE NO. 5:06-CV-2685
                                              :
           Plaintiff,               :
                                              :
vs.                                       :         OPINION & ORDER
                                              :         [Resolving Doc. No. 29]
TED MALE, ET AL.,             :
                                              :
           Defendants.           :
                                              :
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendants Ted Male, Donny Williams, Allen Jones, Mike Schmidt, Mike Gilbride, and Tim Harvey ("Defendants") move for summary judgment. [Doc. 29.] Plaintiff Granville Collins has not opposed the motion. For the following reasons, this Court **GRANTS** the Defendants' motion for summary judgment.

I. Background

On November 7, 2006, Plaintiff Granville Collins filed a complaint against the Defendants. [Doc. 1.] Plaintiff alleged that the police officer defendants engaged in an illegal search and seizure and used excessive force in restraining him during a traffic stop on May 4, 2004. *Id.* Plaintiff Collins alleged that the Defendants' actions violated his Fourth and Fourteenth Amendment rights, and filed suit under 42 U.S.C. § 1983. [Doc. 1.] On August 6, 2007, Defendants filed the instant

Case No. 5:06-cv-2685
Gwin, J.

motion for summary judgment, asserting, among other defenses, that the statute of limitations stopped Plaintiff's complaint. [Doc. 29.] Plaintiff did not respond to the motion. Instead, Plaintiff filed a motion to hold this case in abeyance, contingent upon the outcome of his pending 28 U.S.C. § 2254 proceeding in another court. [Doc. 34.]

## II. Legal Standard

Summary judgment is appropriate where the evidence submitted shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court enters summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record that show the absence of a genuine issue of material fact. *Id.* at 323. A fact is material if its resolution will affect the outcome of the lawsuit. *Daughenbaugh v. City of Tiffin*, 150 F.3d 594, 597 (6th Cir. 1998) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)).

Once the moving party satisfies its initial burden, the burden shifts to the non-moving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250 (quoting Fed. R. Civ. P. 56(e)). The non-moving party cannot avoid summary judgment by resting on its pleadings or reasserting its previous allegations. It is insufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, Rule 56(e) "requires the nonmoving party to go

Case No. 5:06-cv-2685
Gwin, J.

beyond the pleadings" and present evidentiary material in support of its position. *Celotex*, 477 U.S. at 324.

In deciding a motion for summary judgment, the Court views the factual evidence and draws reasonable inferences in favor of the non-moving party. *National Enters., Inc. v. Smith*, 114 F.3d 561, 563 (6th Cir. 1997). The Court must decide "whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Terry Barr Sales Agency, Inc. v. All-Lock Co.*, 96 F.3d 174, 178 (6th Cir. 1996) (citing *Booker v. Brown & Williamson Tobacco Co.,* 879 F.2d 1304, 1310 (6th Cir.1989)). "The mere existence of a scintilla of evidence in support of a plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. at 252. The Court "is not . . . obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *Interroyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989).

### III. Discussion

Plaintiff Collins brings a 42 U.S.C. § 1983 claim against the defendant police officers. [Doc. 1.] In that complaint, the Plaintiff alleges that the Defendants conducted an unreasonable search and seizure and used excessive force in restraining him in violation of his Fourth and Fourteenth Amendment rights during his arrest on May 4, 2004. *Id.* Plaintiff did not file his § 1983 claim until November 7, 2006. [Doc. 1.]

The statute of limitations for 42 U.S.C. § 1983 actions is governed by the limitations period for personal injury cases in the state in which the cause of action arose. *Wallace v. Kato,* 127 S. Ct.

-3-

Case No. 5:06-cv-2685
Gwin, J.

1091, 1094 (2007). In the state of Ohio, that statute of limitations is two years. OHIO REV. CODE ANN. § 2305.10 (2006); *Banks v. City of White Hall,* 344 F.3d 550, 553 (6th Cir. 2003). Although state law establishes the statute of limitations for § 1983 actions, federal law controls on the issue of when the statute of limitations begins to run. *Sevier v. Turner,* 742 F.2d 262, 272 (6th Cir. 1984). Federal law establishes that the § 1983 statute of limitations accrues when the plaintiff knew or should have known of the injury that forms the basis of the claim alleged in the complaint. *Ruff v. Runyon,* 258 F.3d 498, 500 (6th Cir. 2001). In *Wallace v. Kato*, the United States Supreme Court held that, in cases of alleged Fourth Amendment violations brought under § 1983, the statute of limitations begins to run on the date that the alleged constitutional violations occurred. *Wallace,* 127 S. Ct. at 1096.

In this case, Plaintiff's 42 U.S.C. § 1983 claims arise out of the police conduct that occurred during his arrest on May 4, 2004. [Doc. 1.] Plaintiff knew or should have known of the injury that formed the basis of his illegal search and seizure and excessive force claims on May 4, 2004. The statute of limitations for Plaintiff's § 1983 cause of action, therefore, expired on May 4, 2006. Plaintiff Collins did not file the instant lawsuit until November 7, 2006, more than six months after the statute of limitations deadline. [Doc. 1.] The Plaintiff does not present, nor can the Court find, grounds that would justify equitable tolling or extending the statute of limitations beyond the May 4, 2006 date. This Court, therefore, lacks jurisdiction to consider Plaintiff's 42 U.S.C. § 1983 claims.

IV. Conclusion

The Plaintiff's § 1983 claims are barred by the applicable two year statute of limitations, and Plaintiff has not demonstrated any equitable considerations that would toll the limitations period.

Case No. 5:06-cv-2685
Gwin, J.

The Defendants are thus entitled to summary judgment because the evidence submitted shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  For the above reasons, this Court **GRANTS** Defendants' motion for summary judgment.

      IT IS SO ORDERED.


Dated: September 20, 2007                         s/       *James S. Gwin*
                                                            JAMES S. GWIN
                                                            UNITED STATES DISTRICT JUDGE